# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARIO AVILA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV-18-882-D |
| | ) | |
| B. GRELICK, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter is before the Court for review of the Report and Recommendation ("Report") [Doc. No. 23] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Purcell recommends the denial of the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Petitioner, *pro se*, has timely objected [Doc. No. 24] to the Report. Accordingly, the Court must make a *de novo* determination of any portion of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a federal prisoner, seeks credit towards his federal sentence for the time he spent in state custody discharging his state sentence. In his Report, Judge Purcell conducts a thorough analysis of the issues raised in the Petition and recommends that the Petition be denied. Judge Purcell concludes that 18 U.S.C. § 3585(a) prohibits the Bureau of Prisons ("BOP") from applying the time he served in state custody towards his federal sentence. Petitioner objects to this determination.

In support of his objection to Judge Purcell's determination, Petitioner states that "[t]he Court has inadvertently misconstrued Petitioner['s] assertion." Objection at 2. Petitioner argues for the first time that his argument to apply the time he served in state custody toward his federal sentence is based on the position that "a federal sentence must generally be served continuously unless interrupted by some fault of the prisoner and he cannot be required to serve it in installments." Objection at 3. The Court has reviewed all of the filings in this case and notes that Petitioner has not articulated this argument prior to his Objection. Petitioner's position has consistently been that he is entitled to credit towards his federal sentence because the state court ordered his state sentence to run concurrently with his federal sentence. *See* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 11] at 8; Motion for Nunc Pro Tunc [Doc. No. 1-3] at 1, 2; Motion for Correction of Sentence [Doc. No. 1-4] at 4, 7.

"Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Gonzales v. Ledezma*, 417 Fed. Appx. 824, 826 (10th Cir. 2011) (quoting *Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir. 1996)). However, even if the Court considered Plaintiff's new argument, it is unpersuasive. Petitioner contends that he began serving his federal sentence when "the U.S. Marshals lodged a detainer against him" and that his subsequent relinquishment to state custody constituted an impermissible interruption in his federal sentence.[1] Objection at 3, 4. In support thereof, Petitioner cites to *Weekes v. Fleming*, 301 F.3d 1175 (10th Cir. 2002) and

---

[1] Petitioner affirmatively concedes the correctness of Judge Purcell's recitation of the procedural history in this case. Objection at 2.

*Binford v. United States*, 436 F.3d 1252 (10th Cir. 2006). Petitioner is correct that both *Weekes* and *Binford* recognized that "[a] federal sentence must generally be served continuously 'unless interrupted by . . . some fault of the prisoner, and he cannot be required to serve it in installments.'" *Binford*, 436 F.3d at 1255 (quoting *Weekes,* 301 F.3d at 1179) (internal quotation omitted). However, unlike the prisoners in *Weekes* and *Binford*, Petitioner was never in federal custody for the purpose of serving his federal sentence prior to serving his state sentence.

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). "A federal sentence does not commence until a prisoner is actually received into federal custody for that purpose." *Binford*, 436 F.3d at 1255. Therefore, "[w]hen a state surrenders one of its prisoners to the federal government for the purpose of trial on charges pending there, a judgment and sentence upon conviction in the federal court does not begin to run, if the prisoner is delivered back to state authorities, until the prisoner is thereafter returned to federal custody and received at a federal penal institution for service of his sentence." *Williams v. Taylor*, 327 F.2d 322, 323 (10th Cir. 1964).

Petitioner concedes he was "taken into temporary federal custody" on his federal charges and remained in temporary federal custody until he was returned to state custody on August 3, 2012. Report at 2. Petitioner likewise concedes that he "was released to federal custody to begin serving his 120-month federal sentence" on January 24, 2014. Report at 3. However, in calculating the date of commencement of his federal sentence,

3

Petitioner does not rely on the date he was received into federal custody for the purpose of serving his federal sentence but on the date the U.S. Marshal issued a detainer to the state prison. Objection at 4.

A detainer is simply "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent." *Fex v. Michigan,* 507 U.S. 43, 44 (1993); *see also*, U. S. v. Mauro, 436 U.S. 340, 359, 98 S. Ct. 1834, 1846, 56 L. Ed. 2d 329 (1978) ("[a] detainer is a notification filed with the institution in which a prisoner is serving a sentence") (quoting H.R. Rep. No. 91–1018, p. 2 (1970); S. Rep. No. 91–1356, p. 2 (1970); U.S. Code Cong. & Admin. News 1970, p. 4865). A detainer, as defined by the Supreme Court, does not act as a means to take a prisoner into custody. Therefore, Petitioner's argument that he was impermissibly required to serve an "interrupted," noncontinuous federal sentence which requires that the time he served in state custody be credited to his federal sentence is without merit.

Petitioner does not otherwise object to Judge Purcell's Report. The Court finds that Judge Purcell thoroughly addressed Petitioner's sentencing calculation and the appropriate credit to be applied to Petitioner's federal sentence. The Court concurs with Judge Purcell's analysis and finds that Petitioner is not entitled to application of the credits he seeks towards his federal sentence.

Having conducted a *de novo* review, the Court adopts the Report and Recommendation in its entirety and overrules Petitioner's objection.

**IT IS THEREFORE ORDERED** that Petitioner's objection [Doc. No. 24] is **OVERRULED** and Judge Purcell's Report [Doc. No. 23] is **ADOPTED** in its entirety. The Petition for Writ of Habeas Corpus Under 28 U.S.C § 2241 [Doc. No. 11] is denied. Judgement will be entered accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. The requirement of § 2253(c)(1) to obtain a COA also applies when a habeas petitioner is proceeding under § 2241. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000). A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is denied.

**IT IS SO ORDERD** on this 14th day March 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE